IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BOBBIE VALDESPINO,

    Plaintiff,

vs.                                                                                                              CIV. No. 98-928 BB/DJS

UNITED FOOD AND COMMERCIAL WORKERS
UNION, LOCAL NO. 1564 OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendant's motion to dismiss (Doc. 6). In Plaintiff's pro se response to the motion (Doc. 11), she indicates the basis of her action is her allegation that she made numerous complaints to Defendant concerning her employer's retaliatory conduct and discriminatory behavior. Plaintiff also indicates Defendant discriminated against her on the basis of race and disability. Nothing in the complaint or in the response, however, sets out any alleged facts supporting Plaintiff's claims of discrimination and retaliation. For example, Plaintiff has not explained how she was discriminated against by her employer, what form of retaliation occurred, and what conduct led to her claimed constructive discharge. The complaint and response are limited to conclusory allegations of discrimination, by both Plaintiff's employer and Defendant, and of retaliation by Plaintiff's employer. Even a pro se complaint is not sufficient to state a claim if it contains only conclusory allegations such as those in Plaintiff's complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (pointing out that pro se plaintiff requires no special training to recount the facts surrounding her injury). In other words, it is not enough to simply claim discrimination or retaliation, without providing

details concerning the facts supporting those claims.  Thus, at this point Plaintiff has failed to state a valid cause of action against Defendant.

Normally, the failure to state a claim is cause for dismissal of a complaint.  However, if Plaintiff's complaint is dismissed, the statute of limitations will have run and she will be unable to file a new action.  The Tenth Circuit has indicated that in such circumstances, a plaintiff should be allowed an opportunity to amend her complaint to determine whether the plaintiff can state facts supporting the claimed cause of action.  *See Brown v. New Mexico Dist. Ct. Clerks*, 1998 WL 123064 (10th Cir.); *Dees v. Vendel*, 1993 WL 191815 (10th Cir.).  A plaintiff with an arguable claim is ordinarily accorded an opportunity to amend the complaint before a motion to dismiss for failure to state a claim is ruled upon.  *Brown*.  Finally, the Court notes that in a previous order, the Court suggested Plaintiff's complaint might be sufficient to state a cause of action under Title VII (Doc. 7).  The Court finds it would be unfair to now dismiss for failure to state a claim, without first allowing Plaintiff an opportunity to amend her complaint.

Based on the foregoing, Plaintiff shall have until January 7, 2000, to file an amended complaint setting out the facts underlying her claim.  If no amended complaint is filed by that date, Defendant's motion to dismiss will be granted.

## ORDER

Based on the foregoing, the motion to dismiss filed by Defendant (Doc. 6) is hereby held in abeyance, pending Plaintiff's response, if any, to this opinion and order.

DATED December 9, 1999.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**ATTORNEYS**

**For Plaintiff:**
Bobbie Valdespino, acting pro se
313 W. Mohave #2
Phoenix, AZ 85003

**For Defendant**:
James M.Piotrowski
Youngdahl, Sadin & Morgan, P.C.
2929 Coors Boulevard NW, Suite 100
Albuquerque, NM 87120